```
            UNITED STATES  DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

**FRED TAPP**                                        CIVIL ACTION

**VERSUS**                                           NO. 05-1903

**BURL CAIN**                                        SECTION "B"

### ORDER AND REASONS

For the following reasons,

**IT IS ORDERED** that the instant petition for 28 U.S.C. § 2254 habeas relief is **DISMISSED** as time barred.

### FACTUAL BACKGROUND

Petitioner does not dispute the fact pattern set forth by the Magistrate therefore this Court adopts the Magistrate Judge's determinations of the factual background. (Rec. Doc. 13 pgs. 1-6)

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b) the proper review is whether Petitioner timely filed his claim after all of the state remedies were exhausted. See *Nobles v. Johnson* which held petitioner must exhaust state court remedies and not be in "procedural default" on a claim. *Nobles,* 127 F.3d 409, 419-20 (5th Cir.)

Petitioner received an out-of-time appeal April 27, 1999. He argues that this out-of-time appeal makes his subsequent federal habeas appeal timely under the doctrine of equitable tolling. However, the Fifth Circuit has held that out-of-time appeals do not

restart the finality of a conviction for limitation purposes. *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004). The *Salinas* Court determined that granting of out-of-time appeals did not affect finality under federal law. The Court determined that the petitioner in that case was entitled to nothing more than a tolling of the federal limitations period during the direct review process of the state court. *Id.* at 430. *See also McGee v. Cain*, 104 Fed. Appx. 989, 991-92 (5th Cir. 2004) (which applied the *Salinas* rationale to Louisiana out-of-time appeals).

Petitioner was granted an out-of-time appeal as a result of post conviction relief in state court. Therefore, it did not restart or revive the finality of the conviction for federal limitation purposes. Petitioner's conviction under state law became final on March 16, 1998. Petitioner thus had until March 16, 1999 to file his federal habeas petition. However, on March 1, 1999 Petitioner filed his out-of-time appeal. Thus, under 28 U.S.C. § 2244(d)(2) Petitioner's time limitations were tolled during this period. When the Louisiana Supreme Court denied his out-of-time writ application the Anti-Terrorism and Effective Death Penalty Act of 1996 filing period began to run again on May 25, 2002. Petitioner had 16 days tolled on his limitation period which expired on Monday June 10, 2002. Petitioner did not file another application for relief until January 31, 2003. The instant federal petition is deemed filed as of May 1, 2005 several years after the

3

federal filing period expired.

Petitioner argues for equitable tolling, however, equitable tolling only applies when the Petitioner was actively misled or was prevented from exercising his rights. *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005). *See also Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002). Petitioner's claims and the instant record fail to warrant equitable tolling. Accordingly,

**IT IS ORDERED** that the petition for habeas relief be **DENIED**

New Orleans, Louisiana, this 9th day of August, 2007.

_____
Ivan L.R. Lemelle
United States District Judge