**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FRED TAPP** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **No. 05-1903** |
| | * | |
| **BURL CAIN, WARDEN** | * | **SECTION "B" (4)** |

**ORDER AND REASONS**

Petitioner Fred Tapp's ("Tapp") motion under Federal Rule of Civil Procedure 60(b) to rescind judgment is **DENIED.**[1] (Rec. Doc. No. 27).

Tapp is a state prisoner incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. On June 9, 1994, Tapp was charged in a nine count Bill of Information in Orleans Parish with the following crimes: Count 1, attempted armed robbery of Renee Ewing; Count 2, second degree kidnapping of Renee Ewing; Count 3, armed robbery of Takia Paynes; Count 4, attempted armed robbery of Simone Cherry; Count 5, armed robbery of Shondrell Perilloux; Count 6, armed robbery of Ronald Speed; Count 7, armed robbery of Ron Alexis; Count 8, armed robbery of Derwin Sylvester; and Count 9, armed robbery of Nicole Johnson.

Prior to trial, on April 10, 1996, the State severed Counts 6 and 7 from the remaining counts. Tapp was then tried before a jury on April 10,11, and 12, 1996, on Counts 1 through 5, 8 and 9. The

---

[1] We are grateful for the work on this case by Jonathan Drory, a University of Pennsylvania Law School extern with our Chambers.

jury found him guilty as charged on each count. The State filed a multiple bill on April 22, 1996, to which Tapp entered a plea of guilty. The trial court sentenced Tapp as a multiple offender on each of the seven counts.

On May 19, 2005, Tapp filed a Petition for Federal Habeas Corpus Relief with this court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, applied to Tapp's petition, which was deemed filed in this court under the federal mailbox rule on May 1, 2005.[2] The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final. *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).

Using the reasoning of the Fifth Circuit in *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004) which held that the granting of a request for out-of-time review "tolls AEDPA's statute of limitations . . . but it does not require a federal court to restart the running of AEDPA's limitations period altogether," this court denied and dismissed as untimely Tapp's habeas petition. (Rec. Doc. No. 15). Tapp's AEDPA filing period began to run on March 17, 1998, the day after his conviction became final following his resentencing. The filing period ran uninterrupted for 349 days, until March 1, 1999, when Tapp submitted his Writ Application

---

[2] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999),

to the Louisiana Fourth Circuit Court of Appeals seeking an out-of-time appeal. Tapp's federal filing period was deemed tolled until resolution of his out-of-time appeal which occurred when the Louisiana Supreme Court denied his Writ Application on May 24, 2002. The AEDPA filing period began to run again on May 25, 2002, and did so without interruption for the remaining sixteen days, until Sunday, June 9, 2002, or the next business day, Monday June 10, 2002, when it expired.

Tapp had no properly filed state application for post conviction relief or other collateral review pending during that time period. Two hundred thirty-five days later, he submitted a Uniform Application for Post Conviction Relief to the state trial court on January 31, 2003. Tapp's federal habeas petition was therefore found to be untimely under the statutory tolling calculation and dismissed by this court as time barred on August 9, 2007. (Rec. Doc. No. 15). Tapp's request for a certificate of appealability was denied by the Fifth Circuit on October 21, 2008. (Rec. Doc. No. 25).

Tapp claims that the decision in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), clearly overturns the Fifth Circuit's decision in *Salinas* regarding the effect of an out-of-time review on the AEPDA statute of limitations. Tapp contends under *Jimenez* that his Petition for Federal Habeas Corpus Relief would not have been

dismissed as untimely. He cites FED. R. CIV. P. 60(b) as a basis for requesting relief.

The Fifth Circuit has recognized the abrogation of *Salinas* by *Jimenez*. *See Brooks v. Cain*, 2009 U.S. App. LEXIS 26151, 2009 WL 4250687 (5th Cir. 2009)(applying *Jimenez* to a pending habeas petition). In *Jimenez* the Court held:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez*, 129 S. Ct. at 686-87.

Using this standard, the AEPDA one year period would not have started until the Louisiana Supreme Court denied his Writ Application following the out-of-time appeal on May 24, 2002. After this date, 252 days of the limitation period passed before Tapp submitted his Uniform Application for Post Conviction Relief to the State Trial Court on January 31, 2003. The Louisiana Supreme Court denied the Application without reasons on April 1, 2005 resuming the limitations period. Tapp's federal petition was deemed filed on May 1, 2005, which added another thirty days to the calculation bringing the total to 282 days, well within the one-year limit.

Rule 60(b) Does Not Provide Relief

This court has consistently held in similar cases after *Jimenez* that a petitioner cannot be granted relief under Rule 60(b) from a habeas corpus petition dismissed as untimely under *Salinas*.[3]

> FED. R. CIV. P. 60(b) provides:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time –and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). In this case Tapp's Rule 60(b) motion was

---

[3]*See Lagarde v. Cain*, 2010 U.S. Dist. LEXIS 28572 (E.D. La. Mar. 15, 2010); *LeJeune v. Cain*, 2009 U.S. Dist. LEXIS 71140 (W.D. La. Aug. 11, 2009).

filed February 19, 2010, over two years after his habeas petition was dismissed by this court and over a year after the Fifth Circuit denied his request for a certificate of appealability. Therefore, Tapp may not be granted relief under (1), (2), or (3).

The other grounds for relief under Rule 60(b) do not provide a basis for relief. Under Rule 60(b)(4), "[a] judgment is not void merely because it's erroneous." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)(quoting C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* § 2862 (2d ed. 1995)). "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Brown,* 84 F.3d at 143 (quoting *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)). Here, there is no indication in the record of any subject matter or due process deficiencies that would render the judgment void.

Nor does Rule 60(b)(5) provide relief. Rule 60(b)(5) pertains to prior judgments within or related to a case not to precedents that have been overturned. *Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 159 (5th Cir. 1990). "The prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. It is not sufficient that the prior judgment provides only precedent for the decision." *Id*. In this case, because *Salinas* only provided precedential value to

this Court's judgment, relief under 60(b)(5) would be inappropriate.

Finally, Rule 60(b)(6) would also not provide relief. This case is almost identical to *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez,* the Supreme Court affirmed the denial of a Rule 60(b)(6) motion seeking relief from a time bar judgment after a change in the precedential law as to whether a procedurally dismissed application for state post conviction relief tolled the one-year limitations period for federal habeas petitions. *Id. at* 536-537. The Court held that the change in the precedential law was not an extraordinary circumstance and did not justify reopening the final judgment. *Id.*

For the aforementioned reasons, **IT IS ORDERED** that Petitioner's motion for relief from the prior judgment dismissing Petitioner's application for writ of habeas corpus is **DENIED**.

New Orleans, Louisiana, this 19th day of July, 2010.

UNITED STATES DISTRICT JUDGE